## SCHULENBURG *v.* UFFELMANN.

LANDLORD AND TENANT — SURRENDER OF PREMISES — CONSENT TO REPAIRS—EVIDENCE.

> Where a tenant has vacated the leased premises prior to the expiration of his term, mere knowledge on his part that the landlord has since entered, and is making repairs inconsistent with the occupancy of the premises, is insufficient to charge him with consent thereto, so as to affect the question of his liability for rent accruing subsequent to such entry.

Error to Wayne; Hosmer, J.   Submitted June 12, 1895. Decided September 27, 1895.

*Assumpsit* by Charles Schulenburg against Charles A. Uffelmann for rent. From a judgment for plaintiff, defendant brings error. Reversed.

*Malcolm McGregor,* for appellant.

*Charles Flowers,* for appellee.

GRANT, J. Defendant was plaintiff's tenant by the year under a written lease, which terminated May, 1892. Defendant held over, and thereby became tenant for another year. He occupied until some time in February. January 24th he notified plaintiff that he would sur-

render the premises February 1st. This notice was given upon the assumption that his tenancy was from month to month. February 1st plaintiff notified defendant that he should hold him for the rent until the 1st of May; that he would endeavor to rent the premises on defendant's account, and charge him with any loss, and should hold him responsible for damage to the cellar floor by his negligent use of the same, and for damage to the drains by his failure to keep them clean. Some time in February defendant sent the key to plaintiff. Plaintiff entered upon the premises to make repairs. Defendant ascertained that he was liable for the rent, and claims that he bought 500 barrels of vinegar, intending to take possession of the building and store the vinegar in the cellar. He did not ask for the key, nor notify plaintiff of his intention to reoccupy. He claims that he went to the building, and from the street saw that repairs were going on, and that in consequence the building was in such condition as to be unfit for occupancy. He did not then notify plaintiff, so that he might, if he could, speedily complete the repairs, and have the building ready for occupancy. Plaintiff brought this suit for the rent. The defense was that plaintiff had accepted the surrender of the premises. The case was left to the jury upon that theory alone. The jury found, in answer to a special question, that the plaintiff did not enter and tear out the floor and repair the wall without the defendant's consent; and the judge instructed the jury that if the plaintiff entered without the consent of the defendant, and proceeded to make repairs inconsistent with the tenancy, then he would be discharged from paying rent.

The sole question presented by this record is whether there was any evidence of such consent on the part of the defendant. No express assent is claimed, and we fail to find any evidence of an implied assent. The most that can be claimed is that the defendant had knowledge that

the repairs were being made. The law did not require him to enter a protest, nor is he chargeable with assent from the mere fact of knowledge.

For this error the case must be reversed, and a new trial ordered.

The other Justices concurred.